UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA, ex rel.,
DARLENE EHRHART and FORREST
BORCHARDT,

        Plaintiff/Relators,

v.                                      Case No. 2:16-cv-618-JLB-MRM

KMH CARDIOLOGY CENTRES, INC., d/b/a
KHM CARDIOLOGY AND DIAGNOSTIC
CENTRES, et al.,

        Defendants.
_____/

## ORDER

The United States and Relators have reached a settlement agreement with certain Defendants and now voluntarily dismiss this action: (1) with prejudice to Relators, subject to the terms of the settlement agreement, (2) with prejudice to the United States as to the allegations described in the settlement agreement and subject to the terms of that same agreement, and (3) otherwise without prejudice to the United States. (Doc. 52.); Fed. R. Civ. P. 41(a)(1)(A)(i).[1] The parties also "request that the Court retain jurisdiction for purposes of enforcing" the settlement agreement. (Doc. 52.) The settlement agreement has not been filed, so the Court has no way of knowing what it would be retaining jurisdiction over. Moreover, the parties have not explicitly conditioned their voluntary dismissal upon retention of

---

[1] The voluntary dismissal is labeled a "stipulation," but not all parties in this case have signed it. See Fed. R. Civ. P. 41(a)(1)(A)(ii).

jurisdiction. If a voluntary dismissal is not explicitly conditioned on a subsequent occurrence, it is self-executing; the Court cannot retain jurisdiction. See Anago Franchising, Inc. v. Shaz, 677 F.3d 1272, 1278 (11th Cir. 2012). Even if the parties had provided the agreement and properly requested the Court to retain jurisdiction, the Court would not do so. A settlement agreement with the United States may be enforced through a separate action. 28 U.S.C. §§ 1345–46, 1491; see also Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991–95 (Fed. Cir. 2017). For these reasons, the Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

    **ORDERED** in Fort Myers, Florida, on April 23, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE